**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 21-cr-341-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

 DEDRIC MAYFIELD,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S**
**NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO**
**FEDERAL RULE OF EVIDENCE 404(b)**

---

      In the Superseding Indictment, the Government charges Defendant Dedric Mayfield with, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing ammunition, to wit, .40 caliber ammunition marked "R-P" and "40 S&W," in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 27.)

      This matter is before the Court on the Government's Notice of Intent to Offer Rule 404(b) Evidence ("Notice"), filed on January 24, 2022.  (ECF No. 20.)  Defendant responded on March 21, 2022.  (ECF No. 24.)  The Government replied on April 1, 2022.  (ECF No. 36.)

      For the following reasons, the Court grants in part and denies in part the Government's Notice.

1

## I. FACTUAL BACKGROUND

Defendant is charged with possession of ammunition by a convicted felon.  In short, law enforcement allegedly observed Defendant on a camera get into an altercation with another individual and fire multiple shots toward him as the other man fled.  The firearm was not recovered, but shell casings from the scene were recovered.  These shell casings qualify as ammunition as a matter of federal law, and Defendant is charged with their possession.  (ECF No. 20 at 1.)

## II. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ."  *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action."  Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

Federal Rule of Evidence 404(b) provides:

> (1) Prohibited Uses.  Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in

accordance with the character.

(2) Permitted Uses.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(3) Notice in a Criminal Case.  In a criminal case, the prosecutor must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

A court considers a four-factor test when determining the admissibility of evidence under Rule 404(b).  The test requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to FED.R.EVID. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (quotation omitted); *see Huddleston v. United States*, 485 U.S. 681, 691–92 (1988) (discussing four sources that serve as "the protection against . . . unfair prejudice" when admitting evidence under Rule 404(b)).

### III. TRIAL STIPULATIONS

On April 12, 2022, the parties filed the following Trial Stipulations:

3

(1) Prior to August 27, 2021, the defendant, Dedric Mayfield had been convicted of a felony offense, that is, a crime punishable by imprisonment for a term exceeding one year; and

(2) As of August 27, 2021, the defendant, Dedric Mayfield knew that he had been convicted of a felony offense, that is a crime punishable by imprisonment for a term exceeding one year.

(ECF No. 57-1.)

## IV. ANALYSIS

In its Notice, the Government states that it may seek to introduce evidence of the following prior convictions:

- Possession of ammunition by a convicted felon—Case Number 16-cr-00033-LTB;

- Vehicular eluding—Case Number 2016CR990;

- Second-degree assault with a deadly weapon—Case Number 2002CR1228; and

- Attempted escape—Case Number 2002CR2868.

(ECF No. 20 at 2.)

In his response, Defendant objects to the introduction of evidence of his prior convictions, as well as certain video footage and items recovered from a search of his residence.  (*See* ECF No. 24.)

## A.     Defendant's Prior Convictions

The Government wishes to introduce evidence of Defendant's prior convictions for the permissible ends of motive, knowledge, intent, the absence of mistake, and a lack of accident.  (ECF No. 20 at 1–2.)  Further, the Government argues it may also

4

offer this evidence to prove that Defendant was prohibited from possessing a firearm or ammunition because he was a convicted felon and that he knew as much.  (*Id.*)

In his response, Defendant objects to the introduction of specific evidence of his prior convictions, but he anticipates being able to reach a stipulation with the Government regarding the element of being previously convicted.  (ECF No. 24 at 2.)

Given the Trial Stipulations, the Court concludes that the Government no longer needs to introduce evidence of Defendant's prior convictions to prove the convicted felon and knowingly portions of the charged offense.  To the extent the Government intended to introduce the evidence for this purpose, the Court denies the Government's request as moot.

Further, to the extent the Government wishes to introduce evidence of Defendant's prior convictions for other reasons, such as motive, knowledge, intent, the absence of mistake, and a lack of accident, the Court finds that the probative value of such evidence is substantially outweighed by a danger of unfair prejudice under Rule 403.  Therefore, the Court denies the Government's request to introduce Defendant's prior convictions based on these grounds.

**B.      Defendant's Prior Possession of Firearms and Ammunition**

Insofar as the noticed evidence involves Defendant's prior possession of firearms or ammunition, the Government argues that it would be admissible to prove that he knowingly possessed a firearm and ammunition as charged in the indictment.  (ECF No. 20 at 4.)

However, based on the Trial Stipulations, the Court concludes that the Government no longer needs to introduce evidence of Defendant's prior possession of

5

firearms and/or ammunition to prove the knowingly portion of the charged offense.  To the extent the Government intended to introduce the evidence for this purpose, the Court denies the Government's request as moot.

Further, to the extent the Government wishes to introduce such evidence for other reasons, as stated above, the Court finds that the probative value of the Government introducing evidence of Defendant's prior possession of firearms and ammunition for other reasons is substantially outweighed by a danger of unfair prejudice under Rule 403.  Therefore, the Court denies the Government's request to introduce evidence of Defendant's prior possession of firearms and ammunition on these grounds.

## C.    Intrinsic Evidence

"Rule 404(b) only applies to evidence of acts extrinsic to the charged crime." *United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir. 1993) (quoting *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir. 1992), *cert. denied,* 507 U.S. 966 (1993)). "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.*  (citation omitted); *see also United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (recognizing that "[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury" whereas "[e]xtrinsic evidence . . . is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense" (citations omitted)).

1.    *Footage from before the argument and shooting*

6

The Government states that it intends to introduce what it believes is intrinsic evidence of what law enforcement observed on camera immediately before the shooting, which they interpret as illicit transactions.  (ECF No. 20 at 4.)  Moreover, in their attempts to identify the shooter on video, law enforcement used law enforcement databases to gain information about Defendant.  (*Id.*)  This information included booking photographs from when Defendant was arrested in Douglas County in 2016.  (*Id.*)  The Government describes what was captured on camera in its reply:

> Detective Jeffrey Baran was operating the so-called HALO camera that covered the area in question.  He saw Mayfield arrive in the area in a car, get out of the car, and approach a gold car that had arrived in the area.  Mayfield entered the gold car, handed the occupant an unknown object, and received cash from the occupant. Baran suspected that this was an illegal transaction.  Mayfield then got out of the gold car and walked up to another man at the entrance to the alley.  Baran suspected that this too was an illegal transaction.  After which, a silver SUV arrived in the area and some laundry detergent was unloaded into Mayfield's car.  *See generally* Doc. 1-2 ¶¶ 4–9.  Then, a red car pulled up, someone got out, and the argument and shooting ensued.

(ECF No. 36 at 6.)  The Government argues that it has latitude to tell a complete narrative, beginning with Defendant's arrival on scene and to explain Baran's operation of the camera.  (*Id.* at 7.)  Critically, the Government also contends that the evidence is relevant to establishing Defendant's identity, as the footage before the arrival of the red car contains closeups of Defendant's face and tattoos and shows Defendant wearing a hat that matches one recovered from the search of his home.  (*Id.*)

Further, law enforcement spoke with Defendant's federal probation officer, who provided information about where Defendant lived, which led to a search of his residence and corroborating evidence.  (*Id.*)  All of this evidence provides background

7

evidence of how the investigation started and how law enforcement identified Defendant and, according to the Government, is intrinsic for that reason.  *See United States v. Byfield*, 947 F.2d 954, at *4 (10th Cir. 1991) (table) ("Evidence that serves as background information about person, subjects, or things in a trial is generally admissible although it may not relate to a consequential fact."); *United States v. Sarracino*, 131 F.3d 943, 949 (10th Cir. 1997) ("A jury 'cannot be expected to make its decision in a void.'") (citation omitted).

By contrast, Defendant argues that the purportedly intrinsic evidence is actually extrinsic evidence.  (ECF No. 24 at 3.)  Specifically, he argues that the evidence described above would only "serve as propensity evidence" and "would cause the jurors to view [him] as a criminal who is likely to possess a firearm or ammunition based solely on the inference that he has bad character."  (*Id.*)  He also disputes the Government's interpretation of the evidence at issue, stating that "there is no indication that [he] possessed, wielded, and showed a firearm during any of those alleged illicit acts" and argues that the probative value of the evidence is outweighed by its prejudicial impact. (*Id.*)

Here, the Court concludes that the footage of the purportedly illicit transactions and argument is intrinsic to the factual circumstances surrounding the Superseding Indictment, and is therefore admissible at trial.  And even if it were not intrinsic, which it is, the Court would nonetheless find such evidence admissible under Rule 404(b) to establish Defendant's identity.

To the extent that Defendant argues that the probative value of the evidence is outweighed by unfair prejudice, the Court disagrees.  After all, "Rule 403 does not

protect a party from all prejudice, only *unfair* prejudice." *United States v. Watson*, 766 F.3d 1219, 1242 (10th Cir. 2014) (recognizing that unfair prejudice is assessed by analyzing whether the "[e]vidence . . . makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged") (emphasis in original).  In the Court's view, the subject video evidence would not cause undue prejudice to Defendant, and thus Rule 403 does not provide the defense with grounds to exclude this evidence.

      2.    *Evidence from the search of the residence*[1]

Next, Defendant seeks to exclude evidence seized during the execution of the search of the residence.  (ECF No. 24 at 4.)  He points out that the crime allegedly took place on August 27, 2021, but the search of the residence was not executed until September 8, 2021.  (*Id.*)  Thus, he contends that evidence obtained at the residence "bears no causal connection to him and is too far removed in time to be considered intrinsic to this case."  (*Id.*)

The Government states that with respect to evidence seized from the residence, it currently only intends to introduce clothing items that match what Defendant is wearing on camera.  (ECF No. 36 at 8.)

The Court concludes that the evidence obtained during the September 8, 2021 search is intrinsic to the factual circumstances surrounding the Superseding Indictment, and is therefore admissible at trial.  After all, the evidence obtained—items of clothing—

---

[1] The Government describes the residence as Defendant's house.  (ECF No. 36 at 8.)  Defendant describes the residence as his wife's house.  (ECF No. 24 at 4.)  It is unclear whether this is a distinction without a difference; nevertheless, the Court will simply refer to it as "the residence."

is directly connected to the factual circumstances of the offenses charged in that the clothing matches what Defendant was wearing during the alleged crime.  And even if the evidence were subject to Rule 404(b), which it is not, it is offered for the permissible purpose of establishing Defendant's identity.  Therefore, the Court will allow the Government to introduce the clothing items collected during the September 8, 2021 search of the residence.

**D.      Rebuttal Evidence**

The Government also argues that depending on Defendant's defenses at trial, he may open the door to certain evidence on rebuttal.  (ECF No. 36 at 8.)

The Court will not attempt to prejudge what evidence may be admissible on rebuttal based on defense theories that have yet to be presented.  Such evidentiary rulings will take place at trial in the context of the evidence of record at the time.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that:

1.      The Government's Notice of Intent to Offer Rule 404(b) Evidence (ECF No. 20) is GRANTED IN PART AND DENIED IN PART for the reasons explained above; and

2.      This case remains set for trial beginning on **April 18, 2022 at 8:30 a.m.**  (ECF No. 23.)

Dated this 13th day of April, 2022.

BY THE COURT:

William J. Martinez
United States District Judge